SAMUEL SNOW *vs.* INHABITANTS OF BRUNSWICK.

Cumberland.    Opinion December 31, 1880.

*Action.   Collector of school district tax.    Town treasurer.   Warrant of distress.*

An action cannot be maintained by the collector of taxes against the town, for the issuing of a warrant of distress against him and the levying the same on his goods by the treasurer of the town, the issuing and enforcement of the same being the act of the town treasurer on his own responsibility.

ON EXCEPTIONS.

Action on the case, for damages sustained by the plaintiff, because of a warrant of distress wrongfully issued, as he says, and enforced against him as collector of taxes by the treasurer of the defendant town, for neglecting to collect and pay over the village school district tax.

At the trial, after the plaintiff's evidence was all in, the defendants contended that the action could not be maintained. But the presiding justice ruled as a matter of law that the action was maintainable. Thereupon by agreement the case was withdrawn from the jury to be heard by the law court on defendants' exceptions to such ruling. "If the action is not maintainable a nonsuit is to be ordered."

*Henry Orr,* for the plaintiff.

Objections to a refusal to nonsuit are distinctly forbidden. *Carleton* v. *Lewis,* 67 Maine, 76 ; *Boody* v. *Goddard,* 57 Maine, 602.

Neither a town nor its officers can appropriate or interfere with private property unless authorized by statute. *Mitchell* v. *Rockland,* 45 Maine, 496.

To authorize distress the defendants must show that they have strictly complied with the statute requirements, especially in regard to the warrant and commitment to the collector. *Railroad Co.* v. *Bolton,* 48 Maine, 451; *Frankfort* v. *White,* 41 Maine, 537; *Boothbay* v. *Giles,* 68 Maine, 160.

The warrant to this collector was not in due form of law as prescribed by R. S., c. 6, § 94.

*Weston Thompson,* for the defendants, on the question discussed in the opinion, cited: *Barbour* v. *Ellsworth,* 67 Maine, 294; *Lynde* v. *Rockland,* 66 Maine, 309; *Packard* v. *Limerick,* 34 Maine, 266; *Small* v. *Danville,* 51 Maine, 359; *Howe* v. *Boston,* 7 Cush. 273; *Withington* v. *Harvard,* 8 Cush. 66; *Lowell Bank* v. *Winchester,* 8 Allen, 109; *Ogg* v. *Lansing,* 35 Iowa, 495; *Waltham* v. *Kemper,* 55 Ill. 346; *Mead* v. *New Haven,* 40 Conn. 72; *Woodcock* v. *Calais,* 66 Maine, 234; *Brown* v. *Vinalhaven,* 65 Maine, 402; *Watson* v. *Princeton,* 4 Met. 599; *Mitchell* v. *Rockland,* 41 Maine, 363; *Mitchell* v. *Rockland,* 52 Maine, 118; *Osgood* v. *Blake,* 1 Fost. 550; *Perley* v. *Georgetown,* 7 Gray, 464; *Buttrick* v. *Lowell,* 1 Allen, 172; *Detroit* v. *Blakely,* 21 Mich. 84; *White* v. *Bond,* 58 Ill. 297; *Elliot* v. *Philadelphia,* 75 Penn. St. 342.

APPLETON, C. J. This is an action on the case, to recover damages caused by the taking and selling of the plaintiff's property, on a warrant of distress, issued by the treasurer of the defendant town, against him, for official neglect as collector of taxes of the village school district in said town.

No action can be maintained against a town for the assessment and collection of an illegal tax. A town cannot be held responsible for the willful and illegal proceedings of a school district. *School District in Green* v. *Bailey,* 3 Fairf. 259; *Trafton* v. *Alfred,* 15 Maine, 258; *Trim* v. *Charleston,* 41 Maine, 504; *Bacon* v. *School District in Barnstable,* 97 Mass. 421.

The town treasurer in issuing the warrant, was acting on his own responsibility. It was not issued for the benefit of the town, nor by its direction. The proceeds of the sale went to the treasury of the village school district. The town is not liable

for the tortious acts of its officers done under color of official authority. The defendant town has neither directed, sanctioned or ratified any wrongful act of its treasurer, and is in no way responsible for it. If the warrant was illegally issued, the town treasurer issuing it, is liable. *Mitchell* v. *Rockland*, 52 Maine, 118; *Small* v. *Danville*, 51 Maine, 359; *Lynde* v. *Rockland*, 66 Maine, 309; *Barbour* v. *Ellsworth*, 67 Maine, 294; *Perley* v. *Georgetown*, 7 Gray, 464; *Buttrick* v. *Lowell*, 1 Allen, 172.

Assuming the assessment to have been illegal, or being legal the warrant of distress to have been improvidently issued, the remedy of the plaintiff is not against the town. If on the other hand the assessment was legal and the other proceedings in accordance with law, the plaintiff has no cause of action. In either event he must become nonsuit.

*Plaintiff nonsuit.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.